UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TERRANCE T. BROWN | CIVIL ACTION NO. 3:10-cv-1885 |
|     LA. DOC #432458 | |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| WARDEN ALVIN JONES | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se petitioner Terrance T. Brown filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on December 9, 2010.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Riverbend Detention Center, Lake Providence, Louisiana. He attacks the April 27, 2010, revocation of his probation by the Fourth Judicial District Court, Ouachita Parish and his present incarceration. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing his petition.

*Background*

On January 31, 2006, petitioner was convicted of conspiracy to commit armed robbery in a criminal proceeding in the Fourth Judicial District Court under Docket Number 05-2501. His 15 year hard labor sentence was suspended and petitioner was placed on probation. [Doc. #1, Exhibit B, p. 10; Doc. #1, p. 18]

On July 4, 2009, petitioner was arrested and charged with attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon. [*Id.*, Exhibit A, p. 9] He was formally charged with those offenses in a Bill of Information filed in the

Fourth Judicial District Court on August 14, 2009, under Docket Number 09-F1829.  [*Id.*]

On September 17, 2009, the State filed a Motion to Revoke the probation in case number05-2501.  In the motion, the State alleged that petitioner violated the terms of his probation by engaging in criminal activity, namely the felonies he was charged with on July 4, 2009. [*Id.*, Exhibit B, pp. 10-11]

On April 27, 2010, the probation revocation hearing was convened; petitioner was found to be in violation of the conditions of his probation, his probation was revoked, and he was ordered to serve the 15 year sentence that was previously suspended. On April 29, 2010, the charges of attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon were dismissed. [*Id.*, Exhibit A, p. 9]

Petitioner did not appeal his 2005 conviction; nor did he appeal the revocation of his probation. [Doc. #1, ¶6] He claims that he sought review of the revocation of his probation by filing an application for supervisory writs in the Second Circuit Court of Appeals on July 17, 2010.  His writ application, which was assigned Docket Number10-45900 was denied on August 29, 2010. [Doc. #1, ¶7(a) and (b)]

Petitioner claims that he filed an application for writ of *certiorari* in the Louisiana Supreme Court on September 29, 2010. That writ application was assigned Docket Number 2010-KH-2335 and, according to petitioner, that matter remains pending at this time. [*Id.*, ¶7(c)]

Petitioner filed the instant petition for habeas corpus on December 9, 2010.  He argues two claims for relief: (1) "illegal revocation hearing on probation under Docket # 05-F2501 due to retaliation by state District Attorney Ellen Eade..." and, (2) "wrongful conviction."  In support of these conclusive claims, petitioner alleged, with respect to Ground One,  "On July 4, 2009 petitioner was arrested in violation of his 4th Amend. Right and [was] maliciously charge[d] with various

charges that were dismissed under Docket # 09-F1829, subsequently brought to an illegal probation [revocation hearing] without probable cause."  In support of Ground Two he claimed, "On April 27, 2010, petitioner was brought to illegal revocation hearing by ADA Ellen Eade due to his current lawsuit pending on March 2, 2010; Ms. Eade instituted a charge of illegal possession of stolen things (firearm) without probable cause only to gain advantage over the petitioner in civil action # cv 2170. Here ... [plaintiff's] confinement has become illegal... Conviction and illegal sentence obtained through a miscarriage of justice by the states." [Doc. #1, ¶5]

### *Law and Analysis*

Since petitioner contests the custody associated with the judgment of a State court his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who

seeks to collaterally attack his Louisiana conviction or sentence must have presented his federal constitutional claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

The pleadings, exhibits, and published jurisprudence of the State of Louisiana reveal that petitioner has not exhausted available State court remedies. Petitioner has apparently filed a pleading in the Supreme Court but he has not completed that litigation  and  his failure to exhaust those state court remedies mandates dismissal of his petition.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** because petitioner has not exhausted available state court remedies prior to filing suit in Federal Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[1]   A party may respond to another party's

---

[1] In the event that petitioner objects to this Report and Recommendation, he should provide additional support for his claim that available state court remedies were exhausted. He should provide a copy of the pleadings filed in the Second Circuit Court of Appeals under Docket Number Docket Number10-45900, and, a copy of the Second Circuit's writ denial and Notice of Judgment which petitioner claims was issued on  August 29, 2010. [Doc. #1, ¶7(a) and (b)]  Petitioner should also provide a **DATED** copy of the application for writ of *certiorari* which he claims was filed in the Louisiana Supreme Court on September 29, 2010, and assigned Docket Number 2010-KH-2335. In the event that the Supreme Court has issued a judgment or order in that matter, petitioner should provide a copy of the judgment or order.

Further, petitioner's claims are conclusive at best. Should he object to this Report, he should also clearly state facts to support his claim that he is in custody in violation of the Constitution or laws of the United States; further he should provide a copy of the transcript of the probation revocation hearing and the ruling of the trial court.

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe , Louisiana, February 7, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE