RECEIVED

JUL 2 2 2011

TONY R. MOORE, CLERK
BY_____
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TERRANCE T. BROWN** | **CIVIL ACTION NO. 3:10-cv-1885 (SECTION P)** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **WARDEN ALVIN JONES** | **MAGISTRATE JUDGE KAREN HAYES** |

## JUDGMENT

Before the Court is a Report and Recommendation by the Magistrate Judge. [Doc. #6]. Plaintiff objects to the Report and Recommendation. [Docs. #8, 10, 11]. For the reasons assigned in the Report and Recommendation as well as those below, Plaintiff's petition for habeas corpus relief is **DISMISSED WITHOUT PREJUDICE.**

As noted by the Magistrate Judge, a claim for habeas corpus relief under 28 U.S.C. § 2254 requires a person to exhaust all available state court remedies before relief from a federal court can be granted. In her Report and Recommendation, the Magistrate Judge advised Petitioner that he needed to provide additional support that his state court remedies have been exhausted. [Doc. #6 at n.1].

In particular, the Magistrate Judge told Petitioner to provide a copy of the pleadings filed in the Second Circuit Court of Appeal, a copy of the Second Circuit's write denial and Notice of Judgment, a dated copy of the application for writ of certiorari to the Louisiana Supreme Court, and a copy of any judgment or order by the Louisiana Supreme Court. [*Id.*].

Furthermore, the Magistrate Judge told Petitioner to clearly state the facts to support his claim that he is in custody in violation of the Constitution or laws of the United States, and a copy of the transcript of the probation revocation hearing and the ruling of the trial court. [*Id.*].

## BACKGOUND

On January 31, 2006, petitioner was convicted of conspiracy to commit armed robbery. His 15 year hard labor sentence was suspended, and he was placed on probation. [Doc. #1, Exhibit B, p. 10; Doc. #1, p. 18]. On July 4, 2009, petitioner was arrested and charged with aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon. [*Id.*, Exhibit A, p. 9]. He was formally charged with those offenses in a Bill of Information filed in the Fourth Judicial District Court on August 14, 2009. [*Id.*] On September 17, 2009, the State filed a Motion to Revoke the probation in the 2006 case. The State alleged that petitioner had violated the terms of his probation by engaging in criminal activity, specifically the offenses he was charged with on July 4, 2009. [*Id.*, Exhibit B, pp. 10-11].

On April 27, 2010, at the probation revocation hearing, petitioner was found to be in violation of the conditions of his probation, his probation was revoked, and he was ordered to serve the 15 year sentence that was previously suspended. On April 29, 2010, the charges of attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon were dismissed. [*Id.*, Exhibit A, p. 9].

Petitioner did not appeal his 2005 conviction; he also did not appeal the revocation of his probation. [Doc. #1, ¶ 6]. Rather, he claims that he sought review of the revocation of his probation by filing an application for supervisory writs in the Second Circuit Court of Appeals on July 17, 2010. His writ application was denied on August 29, 2010. [Doc. #1, ¶7(a) and (b)].

Petitioner claims that he filed an application for writ of certiorari in the Louisiana Supreme Court on September 29, 2010. That writ application remains pending at this time. [Id., ¶ 7(c)].

Petitioner filed the instant petition for habeas corpus relief on December 9, 2010. He asserts

2

two claims for relief: (1) "illegal revocation hearing on probation due to retaliation by state District Attorney Ellen Eade..." and (2) "wrongful conviction."

To support these claims, petitioner alleges, with respect to ground one, "On July 4, 2009, petitioner was arrested in violation of his 4th Amendment Right and [was] maliciously charge[d] with various charges that were dismissed, subsequently brought to an illegal probation [revocation hearing] without probable cause." With respect to ground two, he claims, "On April 27, 2010, petitioner was brought to illegal revocation hearing by ADA Ellen Eade due to his current lawsuit pending on March 2, 2010; Ms. Eade instituted a charge of illegal possession of stolen things (firearm) without probable cause only to gain advantage over the petitioner in civil action # cv2170. Here...[plaintiff's] confinement has become illegal...Conviction and illegal sentence obtained through a miscarriage of justice by the states." [Doc. #1, ¶5].

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, it is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983).

The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.1987). To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal habeas corpus claims to the highest

state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005).

In the present case, petitioner has not shown that the exhaustion requirement has been met. In her Report and Recommendation, the Magistrate Judge specifically stated, "In the event that petitioner objects to this Report and Recommendation, he should provide additional support for his claim that available state court remedies were exhausted." [Doc. #6, n.1]. In his objection, petitioner included his "Petition of Writ of Habeas Corpus" filed with the Louisiana Supreme Court on October 4, 2010. [Doc. #10 at 3].

However, he includes nothing more to support his claim that he has exhausted all state court remedies. The Magistrate Judge states in the Report and Recommendation: "In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a habeas corpus petitioner who seeks to collaterally attack his Louisiana conviction or sentence must have presented his federal constitutional claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court." [Doc. #6, at 4].

For a claim to be properly raised in federal court, the claim must be fairly presented to the highest state court, such that the petitioner describes to the court the operative facts and legal theory underlying his or her claim. *Rogers v. Whitley*, 701 F. Supp. 757 (D. Nev. 1988). There must be some good-faith effort on the part of the petitioner to do all that reasonably could be done under the circumstances to pursue every adequate and available remedy with effect. *Hampson v. Smith*, 162 F.2d 334 (9th Cir. 1947).

A remedy is not exhausted by means of a mere procedural pretense. *Mobley v. Smith*, 443

F.2d 846 (5th Cir. 1971). Petitioners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Before a federal court may grant habeas relief to a state prisoner, "the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842.

The present case must be dismissed for failure to exhaust all state remedies. Because the Louisiana Supreme Court has not yet taken any action regarding the writ of certiorari Petitioner has filed there, it is not appropriate for this Court to accept his petition for habeas corpus. Until the pending action in the Louisiana Supreme Court is completed, petitioner cannot bring his claim for habeas corpus relief in federal court.

## CONCLUSION

For the reasons assigned herein and in the Magistrate Judge's Report and Recommendation, Defendant's Application for Federal Writ of Habeas Corpus [Docs. #8,10,11] is **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22 day of July, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE