# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| TERRANCE T. BROWN | CIVIL ACTION NO. 3:10-cv-1885 |
|     LA. DOC #432458 | |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| WARDEN ALVIN JONES | MAGISTRATE JUDGE KAREN L. HAYES |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

*Pro se* petitioner Terrance T. Brown filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 9, 2010.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the River Bend Detention Center, Lake Providence, Louisiana and is serving a hard labor sentence imposed on April 27, 2010 following the revocation of his probation by the Fourth Judicial District Court, Ouachita Parish.

On February 7, 2011, the undersigned recommended dismissal of the petition due to the petitioner's failure to exhaust available state court remedies prior to filing suit. This recommendation was based on the obvious fact that petitioner's writ application seeking review of the probation revocation proceedings was still pending in the Louisiana Supreme Court. [Doc. 6] Thereafter, on February 23, 2011, March 31, 2011, and April 21, 2011, petitioner objected to the Report and Recommendation and filed additional exhibits. [Docs. 8, 10, and 11] Then, on July 22, 2011, the Court adopted the recommendation and ordered dismissal of the petition without prejudice based upon petitioner's failure to exhaust available state court remedies prior to filing his petition. [Doc. 12] Thereafter, on October 14, 2011, petitioner filed a Motion to Reopen/Reinstate Case and a

Motion to Amend/Correct Claim. [Doc. 13] In support of his motion he provided a copy of the Supreme Court's October 7, 2011, judgment denying writs. *See State of Louisiana ex rel. Terrance T. Brown v. State of Louisiana*, 2010-KH-2335 (La. 10/7/2011). [Doc. 13-1] On October 19, 2011 the Court referred this matter to the undersigned for further consideration. [Doc. 14]

Having considered all of the pleadings and exhibits, and for the following reasons, it is now recommended that the petitioner's Motion to Reopen/Reinstate Case and to Amend/Coorrect Claim [Doc. 13] be **GRANTED**; that the Judgment of July 22, 2011 [Doc. 12] be **VACATED**, and, that petitioner's petitions for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE.**

### *Background*

On January 31, 2006, petitioner was convicted of conspiracy to commit armed robbery following his guilty plea in a criminal proceeding in the Fourth Judicial District Court under Docket Number 05-2501.  His 15 year hard labor sentence was suspended and petitioner was placed on probation. [Doc. 1, Exhibit B, p. 10; Doc. 1, p. 18] Petitioner did not appeal his 2006 conviction. [Doc. 1, ¶6]

On July 4, 2009, petitioner was arrested and charged with attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon. [*Id.*, Exhibit A, p. 9] He was formally charged with those offenses in a Bill of Information filed in the Fourth Judicial District Court on August 14, 2009, under Docket Number 09-F1829.  [*Id.*]

On September 17, 2009, the State filed a Motion to Revoke the probation in case number 05-2501.  In the motion, the State alleged that petitioner violated the terms of his probation by engaging in criminal activity, namely the felonies he was charged with on July 4, 2009. [*Id.*, Exhibit B, pp. 10-

2

11] On April 27, 2010, the probation revocation hearing was convened. [Doc. 8-1, pp. 22-71[1]] At the hearing, petitioner was represented by court-appointed counsel.  At the conclusion of the hearing the trial court determined that there was sufficient evidence to establish criminal conduct on the part of the petitioner and accordingly, his probation was revoked and he was ordered to serve the previously suspended sentence. On April 29, 2010, the charges of attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon were formally dismissed. [Doc. 1, Exhibit A, p. 9; Doc. 8-1 p. 72]

Petitioner did not appeal the revocation of his probation. [Doc. 1, ¶6] On June 22, 2010, he filed a *pro se* application for supervisory writs in the Second Circuit Court of Appeals arguing two claims – (1) there was no sworn affidavit attached to the Motion to Revoke Probation or the Summons; and, (2) petitioner's probation was revoked based upon criminal charges that were ultimately dismissed and therefore there was no evidence to prove criminal activity on the part of the petitioner.  [Doc. 8-1, pp. 16-20] His writ application, which was assigned Docket Number 10-45900 was denied on August 29, 2010. [Doc. #1, ¶7(a) and (b); see also *State of Louisiana v. Terrance T. Brown*, No. 45,900-KH (La. App. 9/23/2010) at  Doc. 11, p. 2]

Petitioner then filed an application for writ of *certiorari* in the Louisiana Supreme Court on September 29, 2010. That writ application was assigned Docket Number 2010-KH-2335 and, remained pending in the Supreme Court when petitioner filed the instant petition for *habeas corpus*. [*Id.*, ¶7(c)]

The pleading filed in the Supreme Court on September 29, 2010, was a hand-written *pro se*

---

[1] The transcript provided by petitioner is incomplete; pages 4,5, 23, 24, 42, and 43 of the transcript were not provided; petitioner provided duplicate copies of pp. 12, 13, and 14.

pleading entitled "Emergency Petition for Injunctive Relief/Writ of Certiorari/Prohibition/Mandamus." [Doc. 8-1, pp. 4-15] In that pleading petitioner complained that criminal activity had not been established at the revocation hearing; that the charge of being a felon in possession of a firearm had previously been dismissed and could not serve as the basis for petitioner's probation revocation; that the traffic stop which led to the arrest of his co-defendants was unlawful, as was the subsequent search of the vehicle and its occupants; that his arrest at his residence on July 4, 2009, was without a warrant and without probable cause; that he was not afforded a preliminary hearing on the probation revocation charge; and, that no sworn affidavit was attached to the motion to revoke probation. [Doc. 8-1, pp. 4-15] On October 4, 2010, he filed another pleading in the Supreme Court which he entitled "Petition of Writ of Habeas Corpus." The rambling document alleged the following claims for relief (1) Fourth Amendment violation (arrest and search of petitioner's home was accomplished without probable cause); (2) Fatally defective Bill and violation of Due Process (petitioner attacked his guilty plea to a charge of conspiracy to commit armed robbery and alleged that the District Court was without jurisdiction to accept his plea); (3) Sixth Amendment Violation (ineffective assistance of counsel with regard to the 2006 conviction). [Doc. 10, pp. 3-15]

As noted above, while his application for writs remained pending before the Supreme Court, petitioner filed the instant petition for *habeas corpus* on December 9, 2010. He argued two claims for relief: (1) "illegal revocation hearing on probation under Docket # 05-F2501 due to retaliation by state District Attorney Ellen Eade..." and, (2) "wrongful conviction." In support of these conclusive claims, petitioner alleged, with respect to Ground One, "On July 4, 2009, petitioner was arrested in violation of his 4th Amend. Right and [was] maliciously charge[d] with various charges

4

that were dismissed under Docket # 09-F1829, subsequently brought to an illegal probation [revocation hearing] without probable cause." In support of Ground Two he claimed, "On April 27, 2010, petitioner was brought to illegal revocation hearing by ADA Ellen Eade due to his current lawsuit pending on March 2, 2010; Ms. Eade instituted a charge of illegal possession of stolen things (firearm) without probable cause only to gain advantage over the petitioner in civil action # cv 2170. Here ... [plaintiff's] confinement has become illegal... Conviction and illegal sentence obtained through a miscarriage of justice by the states." [Doc. 1, ¶5]

    As noted above dismissal was recommended because petitioner failed to exhaust available state court remedies prior to filing his suit. On February 23, 2011 petitioner filed an objection in which he (1) claimed that his arrest on August 13, 2005 was unlawful and in violation of the Fourth Amendment; (2) that his guilty plea to the charge of conspiracy to commit armed robbery was coerced; and (3) that his arrest on July 4, 2009 was also in violation of the Fourth Amendment. At no time did petitioner address the issue of exhaustion of state court remedies. [Doc. 8] On March 31, 2011, petitioner filed a second objection; he provided a copy of a pleading dated October 4, 2010, which is entitled "Petition of Writ of Habeas Corpus" and which is purportedly filed under Supreme Court Docket No. 2010 - KH -2335.  Therein he alleged that his August 13, 2005, arrest was unlawful and in violation of the Fourth Amendment; that the trial court lacked jurisdiction to accept his guilty plea to the charge of conspiracy to commit armed robbery because the Bill of Information was defective; that he was denied effective assistance of counsel with regard to his guilty plea. [Doc. 10] On April 21, 2011, he filed a copy of the Second Circuit's September 23, 2010, writ judgment denying writs in the matter under Docket Number 45,900-KH. In his cover letter accompanying this document petitioner alleged that the document proved exhaustion.  [Doc. 11]

5

On July 22, 2011, the Court adopted the Report and Recommendation and ordered that petitioner's *habeas* petition be dismissed without prejudice because petitioner failed to exhaust available State court remedies. [Doc. 12] Petitioner did not appeal this judgment.  However, on October 14, 2011, he filed a Motion to Reinstate ... and to Amend his Third Claim of Erroneously Revoking his Probation Without Probation Without Probable Cause." In this pleading petitioner asked the Court to consider whether petitioner's July 4, 2009, arrest was in violation of the Fourth Amendment and, whether the subsequent dismissal of the charges filed on July 4, 2009 "... constitutes favorable termination under malicious prosecution..." [Doc. 13] In addition, petitioner provided exhibits including, (1) the Louisiana Supreme Court's judgment denying writs in the matter of *State of Louisiana ex rel. Terrance T. Brown v. State of Louisiana*, No. 2010-KH-2335 (La. 10/7/2011) [Doc. 13-1, p. 2]; (2) the July 4, 2009, Affidavit of Probable Cause executed by the arresting officers and the order finding probable cause signed by Judge Ellender [Doc. 13-1, p. 4]; (3) an excerpt of the transcript of the testimony of the arresting officer at a preliminary hearing held in the Fourth Judicial District Court [Doc. 13-1, pp. 6-8]; (4) the affidavit of Dy. Shannon Harkins dated October 13, 2010, and filed as evidence in the Civil Action *Terrance T. Brown v. Cpl. Matt Hill, et al.*, No. 3:09-cv-2170 [Doc. 13-1, pp. 10-11]; (5) the Motion to Revoke Probation in case number 09-F1829-2, *State of Louisiana v. Terrance Terrell Brown* [Doc. 13-1, pp. 13-14]; (6) the affidavit of Dy. Matt Hill dated October 13, 2010, and filed as evidence in the Civil Action *Terrance T. Brown v. Cpl. Matt Hill, et al.*, No. 3:09-cv-2170 [Doc. 13-1, pp. 16-18]; and, (7) the affidavit of Dy. Larry Knight dated October 12, 2010, and filed as evidence in the Civil Action *Terrance T. Brown v. Cpl. Matt Hill, et al.*, No. 3:09-cv-2170 [Doc. 13-1, pp. 20-21]

### *Claims for Relief*

6

In his original petition for *habeas corpus*, petitioner argued two claims for relief:

1. "Illegal revocation hearing ... under Docket #05-F2501 due to retaliation by State District Attorney Ellen Eade."  In support of this argument he claimed that his July 4, 2009, arrest was in violation of the Fourth Amendment, that he was thereafter maliciously charged with charges which were ultimately dismissed and that there was no probable cause to warrant the  probation revocation hearing. [Doc. 1, ¶5(a)] In his memorandum he alleged that the revocation hearing violated his right to due process because the "charges that were unsupported by probable cause ... were used to violation his probation..." He argued that he was found not guilty of the charges and therefore the revocation of his probation based upon those charges was unlawful. [Doc. 1-2, p. 3]

2. "On April 27, 2010, petitioner was brought to [an] illegal revocation hearing by Ellen Eades due to his lawsuit pending.  On March 2, 2010, Ms. Eade instituted a charge of illegal possession of stolen things (firearm) without probable cause only to gain advantage over over the petitioner in Civil Action [3:10-cv-2170]." In the memorandum in support of his petition he alleged: "... Petitioner's Fourth Amendment rights were violated by the Assistant District Attorney Ellen Eade when she instituted the charge of illegal possession of a stolen firearm by filing the instant Bill of Information on March 2, 2010, that [was] unsupported by probable cause..." He further argued that the Court "... found no probable cause on the original charge of possession of a firearm by a convicted felon on January 5, 2010." [Doc. 1-2, p. 2]

Thereafter, in various other pleadings, petitioner raised the following claims:

3. Double Jeopardy – In a pleading filed on January 11, 2011, petitioner alleged that he was originally charged by Bill of Information with various offenses, including possession of a firearm by a convicted felon; however, on January 5, 2010, the Fourth Judicial District Court found that there

7

was no probable cause to support this charge and it was dismissed; nevertheless, thereafter, the Assistant District Attorney filed an amended bill of information charging him with various offenses including possession of a stolen firearm. According to petitioner this second charge amounted to prosecution in violation of the prohibition against double jeopardy embodied in the Fifth Amendment. [Doc. 3]

4. Actual Innocence – In this same pleading petitioner argued that he is innocent of the charges, that the state withheld evidence of his innocence, and presented false evidence and therefore the revocation of his probation was improper. [Doc. 3]

5. Unlawful arrest, search, and seizure in violation of the Fourth Amendment, and coerced guilty plea – In his objection to the Report and Recommendation petitioner alleged that his August 13, 2005 warrantless arrest on charges of attempted armed robbery and the subsequent warrantless search of his residence were illegal; he also alleged that his subsequent guilty plea to that charge was coerced by his defense attorney. [Doc. 8] He made the same argument in an objection filed on March 31, 2011. [Doc. 10]

6. Unlawful arrest on July 4, 2009, and unlawful revocation based upon false testimony. [Doc. 8] Also, unlawful revocation of probation based on criminal conduct. [*Id.*]

7. Guilty plea to the charge of conspiracy to commit armed robbery in 2005 was not responsive to the charge of attempted armed robbery and therefore the trial court lacked jurisdiction to accept his guilty plea and enter sentence. [Doc. 10, p. 8]

8. Ineffective assistance of counsel [2005 arrest, prosecution, and plea] based on counsel's failure to adequately investigate. [Doc. 10]

9. Unlawful warrantless arrest (July 2009) and malicious prosecution. [Doc. 13]

8

*Law and Analysis*

*1. Exhaustion of State Court Remedies*

Since petitioner contests  custody associated with the judgment of a State court  his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). Simply presenting the claims to the Supreme Court, however, is not sufficient to establish exhaustion; a federal habeas corpus petitioner must have provided all state courts that could review the matter with a fair opportunity to review his habeas corpus claims before proceeding in federal court. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982). In other words, before seeking relief in federal court, a state prisoner must first have fairly presented the substance of his federal constitutional claims to the highest state court in a procedurally correct manner.  Louisiana employs a two-tiered system of review. The various Circuit Courts of Appeal exercise supervisory jurisdiction

9

over cases from the District Courts in their circuits. La. Const. Art. V, §10.  Thereafter, review may be sought in the  Louisiana Supreme Court, the court of last resort.  See La. Const. Art. 5, § 5(A) ("The supreme court has general supervisory jurisdiction over all other courts.") Thus, before proceeding in this Court, a federal habeas corpus petitioner, dissatisfied with the ruling of a Louisiana District Court, must seek review in the appropriate Court of Appeals and then the Louisiana Supreme Court.

As has been previously noted, petitioner is in custody as a result of the probation revocation proceeding convened on April 27, 2010.  Petitioner thereafter invoked the supervisory jurisdiction of Louisiana's Second Circuit Court of Appeals on June 22, 2010, by filing an application for writs raising the following claims for relief: (1) Procedural defects associated with the institution of the revocation proceedings (no sworn affidavit submitted with the motion filed by the District Attorney as required by Louisiana law); and, (2) insufficient proof that petitioner engaged in criminal conduct and thus insufficient proof to warrant the revocation of probation. [Doc. 8-1, pp. 16-20]

This writ application was assigned Docket Number 45,900-KH by the Second Circuit Court of Appeals, and, on September 23, 2010, the Court of Appeals denied writs and addressed both issues as follows:

> The applicant, Terrance T. Brown, seeks review of the revocation of his probation. The applicant alleges the revocation proceedings were improperly instituted. At the revocation hearing, the applicant stipulated to the fact that he was personally served with a copy of the motion to revoke probation. The motion complied with La. C.Cr.P. art.  899. Thus, the institution of the proceedings was proper. Following the revocation hearing, the trial judge concluded that there was sufficient evidence to prove the applicant's involvement in an attempted burglary and other crimes for which he had been arrested. Based on the defendant's criminal activity, his probation was revoked. Following the revocation of the applicant's probation, the state dismissed the pending charges against the applicant. The trial court properly found that the applicant had engaged in criminal activity and that his criminal acts were a

10

<u>violation of the applicant's conditions of probation, and thus, the trial court could revoke the applicant's probation pursuant to a violation of La. C.Cr.P. art. 895. We find no error in the trial court's rulings.</u>

[Doc. 1, ¶7(a) and (b); see also *State of Louisiana v. Terrance T. Brown*, No. 45,900-KH (La. App. 9/23/2010) at Doc. 11, p. 2 (emphasis supplied)]

On September 29, 2010, petitioner sought review of the Second Circuit's judgment by filing an "Emergency Petition for Injunctive Relief/Writ of Certiorari/Prohibition/Mandamus" in the Louisiana Supreme Court arguing five grounds for relief – (1) the police officers illegally stopped and searched a vehicle and seized contraband that was not in plain view in violation of his co-defendants' Fourth Amendment rights; (2) he was arrested at his residence on July 4, 2009, and that his warrantless arrest was also without probable cause and that the trial court's subsequent finding that there was no probable cause to charge him with possession of a firearm established that his Fourth Amendment rights were violated; (3) he was arrested without probable cause and that there was no physical evidence linking him to the crime; (4) the probation officer failed to provide a preliminary hearing following petitioner's July 4, 2009, arrest; and, (5) the absence of a sworn affidavit rendered the revocation proceedings invalid. [Doc. 8-1, pp. 4-15] While not labeled a specific claim, petitioner did alert the Court to his sufficiency of the evidence claim by asserting that "... the Second Circuit Court of Appeal entered a judgment denying petitioner's writ on the grounds that the [District Court] ... established criminal conduct." [Doc. 8-1, p. 6, Writ Grant Considerations]

Then, on October 4, 2010, he filed a second pleading in the Supreme Court entitled "Petition of Writ of Habeas Corpus." In that pleading he argued that (1) his August 13, 2005, warrantless arrest and the subsequent warrantless search was without probable cause; (2) that his subsequent guilty plea to conspiracy to commit armed robbery was based upon a fatally defective bill of information and thus his conviction for conspiracy to commit armed robbery was in violation of due

process; and, (3) he was denied effective assistance of counsel when his attorney failed to investigate the facts surrounding the allegedly unlawful August 2005 arrest. [Doc. 10, pp. 3-15] Clearly, these claims involved the Constitutionality of the 2005 conviction and raised no claims with regard to the probation revocation proceedings.

As noted above, the Supreme Court ultimately denied his application for writs without comment on October 7, 2011. *State of Louisiana ex rel. Terrance T. Brown v. State of Louisiana*, 2010-KH-2335 (La. 10/7/2011) [Doc. 13-1, p. 2]

It thus appears that the only claims arguably exhausted are petitioner's claim that the revocation proceeding was unlawfully instituted and that there was insufficient evidence of criminal conduct to warrant revocation. As noted above, the substance of these two claims were raised in the Second Circuit Court of Appeals and thereafter in one of petitioner's writ applications filed in the Supreme Court.  <u>None of the other claims raised herein were properly exhausted because none were presented to the Second Circuit Court of Appeals in the first instance and therefore, even if they were ultimately presented to the Louisiana Supreme Court, they were clearly not presented in an appropriate manner.</u>

### 2. Mixed Petition/Procedural Default

Petitioner has filed a federal *habeas corpus* petition containing both exhausted and unexhausted claims. Such pleadings are characterized as "mixed petitions" and are subject to being dismissed without prejudice.  However, petitioners presenting "mixed petitions" ordinarily may chose one of two other options: (1) they may dismiss the unexhausted claims and request that the court review those claims that were properly exhausted, in which case the prohibition against second or successive *habeas* petitions may foreclose later review of the unexhausted claims (see 28 U.S.C.

§2244(b));  or, (2) they may dismiss the entire petition and attempt to exhaust state remedies that remain available with respect to the claims that have not yet been properly litigated in the Louisiana Courts.  Petitioner's requesting the second option may also request stay and abeyance of their federal claims pending complete exhaustion of the remaining federal habeas claims. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005).

It does not appear, however, that any state-court remedies remain available to this petitioner with regard to his probation revocation claims.  Under Louisiana law, no appeal lies from an order revoking probation. *State v. Manuel*, 349 So.2d 882 (La.1977); *State v. Rexford*, 95-0152, p. 2 (La.App. 1st Cir.6/28/95), 658 So.2d 27, 28.  A probationer may invoke the supervisory jurisdiction of the appropriate Court of Appeals and thereafter the Louisiana Supreme Court to obtain direct review of the District Court's probation revocation ruling.  In certain circumstances, the Louisiana Supreme Court has recognized that post-conviction proceedings, filed in the Court of Appeals, may also afford an avenue of relief from a judgment revoking probation. *State of Louisiana ex rel. Ratcliff v. State of Louisiana*, 565 So.2d 923 (La.1990)("[A]s the Court of Appeal stated, claims of improper revocation of probation should be presented in a post conviction petition to the Fourth Circuit." (Emphasis supplied)).  However, it further appears that probationers aggrieved by the improper revocation of probation must at some point elect whether to seek supervisory review in the Court of Appeals and then the Supreme Court or, to seek post-conviction review in the appropriate Court of Appeals.  *State of Louisiana ex rel. Truman Clavelle v. State of Louisiana*, 2002-1244 (La. 12/12/2003), 861 So.2d 186, citing *Ratcliff, supra*. Petitioner elected to seek review by invoking the supervisory jurisdiction of the Court of Appeals and the Supreme Court and therefore it does not

13

appear that he could return to the Louisiana courts to exhaust his unexhausted claims through Louisiana's post-conviction relief process.  Further, to the extent that petitioner would attempt to seek review of the 2005 guilty plea, such an attempt would be barred by the provisions of La. C.Cr.P. art. 930.8. *State of Louisiana v. Oswald*, 41,737 (La. App. 2 Cir. 8/31/2006), 936 So.2d 319 ("The applicant's [two-year] time delays under La. C.Cr.P. art. 930.8 have run from his original plea and sentencing.")

When state court remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. *See Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

In other words, petitioner's unexhausted claims must now be considered technically exhausted since state court remedies are no longer available. However, by the same token, these claims must now be considered procedurally defaulted. The procedural default doctrine bars federal *habeas corpus* review if the state courts would <u>now</u> refuse to address a *habeas* petitioner's unexhausted federal claim because litigation of those claims would be barred by state procedural rules.  Federal *habeas* review of the technically exhausted but now procedurally defaulted claims are barred "...unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

14

### *Cause*

In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court explained that "cause" in the context of a procedural default refers to an impediment <u>external</u> to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645 (internal citations omitted).

The cause for petitioner's default must be attributed to him and him alone. Petitioner filed the *pro se* pleadings seeking review of his probation revocation proceeding. He, and no one else, neglected to include ALL potential claims of error in his writ application and it was this failure which resulted in the current default. Of course, petitioner may argue that the inadequacies of his prison law library, or his ignorance of the law, caused him to default his federal claims. Such allegations are insufficient to establish cause excusing a *habeas* petitioner's default. *United States v. Liedtke*, 107 Fed. Appx. 416 (5th Cir.2004) (unpublished); see also *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).

Clearly, the cause of the default was petitioner's failure to properly advance his federal constitutional claims in a systematic manner to and in the Second Circuit Court of Appeal and the Louisiana Supreme Court. This failure was clearly not "... an impediment <u>external</u> to the defense..." Thus, petitioner cannot show "cause" for his default.  If a *habeas* petitioner fails to demonstrate

cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).

### Prejudice

Nevertheless, a discussion of prejudice in this context is appropriate. According to the jurisprudence, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); see also *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir.2003). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir.2000).

Even if petitioner were to establish cause for his default, it is unlikely that he could establish prejudice;  and the record thus far provided offers no reason to suspect that the Louisiana courts would have ruled favorably on any of  his defaulted claims.

### Miscarriage of Justice

Since petitioner has thus far failed to show "cause and prejudice" for his default, federal review of the defaulted claims may therefore be had only if necessary to avoid a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546.  In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 106

16

S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993).

Petitioner implies, but he has not shown that as a factual matter that he is actually innocent of the criminal activity which formed the basis of his probation revocation. In fact, as is shown more fully below in the discussion concerning sufficiency of the evidence, there was ample  evidence to warrant revocation.  In short, all of petitioner's claims, except his claim concerning the procedural defects associated with the probation revocation hearing, and the claim of insufficiency of the evidence, remain unexhausted but procedurally defaulted and thus far, petitioner has not demonstrated cause, prejudice, or actual innocence to warrant federal *habeas* review of those claims.

### 3. Rule 4 Considerations

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state.") Further, "[i]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

(Rule 4 Advisory Committee Notes.)

Among other things, petitioner has provided copies of the documents associated with the probation revocation proceedings, including a transcript of the probation revocation hearing.

Petitioner's pleadings and exhibits establish  that he is not entitled to relief and his *habeas* petition should therefore be dismissed with prejudice in accordance with Rule 4.

### *AEDPA Standards for Review*

This petition was filed  after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore federal *habeas corpus* review is governed by the provisions of the AEDPA, specifically 28 U.S.C. § 2254(d)(1) and (2) which define the standard for review.

Under the AEDPA, *habeas* relief is not available to a state prisoner on a claim which was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §§ 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), while pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001).  The state court's decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applies a rule contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  A state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. The inquiry into the issue of "unreasonableness" is objective. *Id.* at 409-10. A state court's <u>incorrect</u> application of clearly established Supreme Court precedent is not enough to warrant federal *habeas* relief – the application must also be <u>unreasonable</u>. *Id.* at 410-12 (emphasis supplied).

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). In order to obtain *habeas* relief on the ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the presumption that the state court's factual findings are correct. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir.2000).

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F .3d 491, 493 (5th Cir.2002), citing  *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002) (*en banc*).

As previously noted, petitioner exhausted only two of his federal habeas claims; those claims, having been presented to the Second Circuit Court of Appeals, were adjudicated on the merits and therefore the deferential standards for review as set out above must be utilized.

### *Claim One – Improperly Instituted Probation Revocation Proceedings*

Petitioner claims that the revocation of his probation should be voided and he should be freed

19

from custody because the proceedings were improperly instituted.  Petitioner raised this claim in his

application for writs filed in the Second Circuit which sought review of the revocation judgment.

In denying relief, the Court of Appeals noted, "The applicant, Terrance T. Brown, seeks review of

the revocation of his probation. The applicant alleges the revocation proceedings were improperly

instituted. At the revocation hearing, the applicant stipulated to the fact that he was personally served

with a copy of the motion to revoke probation. The motion complied with La. C.Cr.P. art.  899.

Thus, the institution of the proceedings was proper."   [Doc. 1, ¶7(a) and (b); see also *State of*

*Louisiana v. Terrance T. Brown*, No. 45,900-KH (La. App. 9/23/2010) at  Doc. 11, p. 2] Petitioner

provided a copy of the transcript of the probation revocation hearing and the transcript shows no

objection on the part of the petitioner with regard to the manner in which he was afforded notice of

the pendency of the probation revocation proceeding.  Further, that portion of the transcript provided

by the petitioner demonstrates that the State was prepared to call a witness named Frank Christman

to testify that he served a copy of the Motion to Revoke probation on the petitioner at some point in

time prior to the hearing.  [Doc. 8-1, pp. 24-25]

   Further, the record before the court clearly establishes that the proceedings conducted in the

District Court complied with the Due Process requirements of Federal Law which must be afforded

to probationers facing revocation of their probation.  See *Jones v. Johnson*, 230 F.3d 825, 827 (5th

Cir.2000); *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).  "The

Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the

revocation of the conditional liberty created by probation." *Black v. Romano*, 471 U.S. 606, 610, 105

S.Ct. 2254, 85 L.Ed.2d 636 (1985) (citing *Bearden v. Georgia*, 461 U.S. 660, 666 & n. 7, 103 S.Ct.

2064, 76 L.Ed.2d 221 (1983)). At a probation revocation hearing, the probationer must be given an

opportunity to be heard and to show, if possible, that he did not violate the conditions, or if he did, that mitigating circumstances suggest that the violation does not warrant revocation. *United States v. Turner*, 741 F.2d 696, 697 (5th Cir.1984) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).

However, it has long been  settled that revocation proceedings need only meet the "minimum requirements of due process" by providing the following procedural safeguards: (1) written notice of claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds a good cause for not allowing confrontation); (5)  a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact finders as to the evidence relied on and reasons for revoking probation.  *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (quoting *Morrissey*, 408 U.S. at 489); see also *Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir.), *cert. denied*, 528 U.S. 882, 120 S.Ct. 197, 145 L.Ed.2d 165 (1999).

Petitioner does not dispute that he was provided written notice of the claimed violations – in fact, he has provided a copy of the document in question. [See Doc. 1, pp. 10-11] He clearly was afforded the opportunity to be heard and to present such evidence as he deemed appropriate and the opportunity to confront and cross examine the adverse witnesses. Finally, he was afforded a hearing before a duly elected Judge of the District Court and was provided a copy of the transcript of the hearing containing the court's reasons for judgment.

In other words, the hearing complied in all respects with the requirements of Louisiana law

and with federal notions of Due Process as guaranteed by the Fourteenth Amendment. Petitioner has

not shown that the ruling of the Louisiana Courts was erroneous or unreasonable.


### Claim Two – Sufficiency of the Evidence

Petitioner also sought review of the proceedings claiming that the evidence was insufficient

to establish that he had violated the terms of his probation by engaging in criminal conduct. He

raised this claim in his writ application and the Second Circuit denied relief as follows: "Following

the revocation hearing, the trial judge concluded that there was sufficient evidence to prove the

applicant's involvement in an attempted burglary and other crimes for which he had been arrested.

Based on the defendant's criminal activity, his probation was revoked. Following the revocation of

the applicant's probation, the state dismissed the pending charges against the applicant. The trial

court properly found that the applicant had engaged in criminal activity and that his criminal acts

were a violation of the applicant's conditions of probation, and thus, the trial court could revoke the

applicant's probation pursuant to a violation of La. C.Cr.P. art. 895. We find no error in the trial

court's rulings." [Doc. #1, ¶7(a) and (b); see also *State of Louisiana v. Terrance T. Brown*, No.

45,900-KH (La. App. 9/23/2010) at  Doc. 11, p. 2]

In its effort to establish criminal conduct and therefore a violation of the terms of probation,

the state called the officers involved in the investigation. According to Cpl.  Hill, information from

petitioner's co-defendants implicated petitioner in an attempted burglary. Petitioner was taken into

custody.  After having initially denied involvement in the affair, petitioner admitted that he was a

participant along with others in the attempted burglary of a residence; that they intended to steal guns

and drugs from the residence; and that petitioner's role in the affair was to act as the lookout. [Doc.

8-1, pp. 25-43]

Captain Larry Knight also testified that petitioner was developed as a suspect to an attempted burglary and was detained in the parking lot of a school located nearby. Cpl. Hill approached petitioner and advised him of his *Miranda* rights.  At some point thereafter petitioner admitted that he and others intended to burglarize a residence to steal guns and drugs and that petitioner was the look out.  [ *Id.*, pp. 44-50]

Larry Ludlow, an investigator with the Ouachita Parish Sheriff's Department testified that he was called to the Sheriff's Office in reference to the complaint. He advised petitioner of his *Miranda* rights and according to Ludlow, "He told us about all of them going over there to that house that night and that him and Eric Coleman had got out of the car. And they had plastic bags to hide their face. And that Eric had the gun. And they went up to the house and Eric kicked – I believe, kicked the door. And someone looked out, when they did they run in different directions ... He said he went to the house so they – he just indicated that him and Eric went to the house that night with plastic bags to cover their face. He didn't indicate why they were going there." However, Ludlow obtained information concerning the co-defendants' intention to steal guns and weapons from the occupants of the house. According to Ludlow petitioner admitted that he and Coleman approached the house concealing their faces in plastic bags and Coleman, who was armed, started kicking the door. However, the resident then came to the door, threatened to call the police and both petitioner and his companion fled.  [*Id.*, pp. 50-60] Petitioner testified in his defense and stated that all of the witnesses against him were giving false testimony. [*Id.*, pp. 62-68] At the conclusion of the hearing the judge made a credibility determination and found that the evidence (including the evidence adduced at the preliminary hearing held prior to the revocation hearing)  was sufficient to warrant

23

the revocation of probation based upon the criminal conduct testified to by the officers; petitioner's probation was revoked and he was ordered to serve the suspended sentence. Probation having been revoked, the state then indicated a desire to dismiss the pending charges. [*Id*., pp. 68-70; see also Doc. 8-1, p. 21]

Clearly, the evidence, including the subsequent affidavits of the investigating officers [see Doc. 13-1] establish that petitioner was guilty of criminal conduct sufficient to warrant the revocation of his probation. The state courts' findings of fact have not been rebutted and are presumed correct. The state courts' rulings were not unreasonable and therefore petitioner is not entitled to relief.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that the petitioner's Motion to Reopen/Reinstate Case and to Amend/Correct Claim [Doc. 13] be **GRANTED**; that the Judgment of July 22, 2011 [Doc. 12] be **VACATED**, and, that petitioner's petitions for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following**

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe , Louisiana, November 21, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE